SAUNDERS, Judge.
Plaintiff, Sheriff Wayne McElveen, administrator of the Southwest Louisiana Criminalistics Laboratory, plaintiff-appellant herein, prays for a declaratory judgment, injunctive relief, and damages against Vernon Parish Police Jury and Frank A. Howard, Sheriff, defendants-ap-pellees, due to the election by defendants to utilize the North Louisiana Criminalis-tics Laboratory Commission rather than the Southwest Louisiana Criminalistics Laboratory.
The trial court found in favor of the defendants-appellees, holding that the local governing authority was vested with discretion as to participation or non-participation in a particular criminalistic laboratory commission, denying relief to appellant.
Sheriff McElveen, as administrator of the Southwest Louisiana Criminalistics Laboratory, appeals contending that the trial court erred in holding that Vernon Parish had the power and/or option to withdraw as a member of the Southwest Louisiana Criminalistics Laboratory and did so appropriately. No issue as to damages was appealed or assigned as error by appellant and thus, is not before this court on appeal.

FACTS

The trial court, in its written reasons for judgment, succinctly set forth the facts as follows:
“From approximately 1972 until June 11, 1990 the law enforcement authorities in Vernon Parish, particularly the Sheriff and District Attorney, utilized the services of the criminalistics laboratory operated by the Sheriff of Calcasieu Parish named and known as Southwest Louisiana Criminalistics Laboratory. During said period, with the exception of the period from April 1, 1990 to June 11, 1990, the sums authorized by La.R.S. 40:2266.1 were collected and remitted to said Southwest Louisiana Criminalistics Laboratory by the Sheriff of Vernon Parish.
[[Image here]]
A resolution was adopted on June 11, 1990 by the Vernon Parish Police Jury seeking to avail itself of the privilege provided by La.R.S. 40:2266.2 of electing membership in the Northwest Louisiana Criminalistics Laboratory Commission (now properly known as “North Louisiana Criminalistics Laboratory Commission”) as a parish contiguous to parishes in which a criminalistics laboratory commission is established and operating. The resolution recites that Vernon Parish adjoins both Sabine Parish and Natchi-toches Parish in which said criminalistics laboratory commission is established and operating. For purposes of these proceedings the court will take judicial notice of the facts that Vernon Parish adjoins both Natchitoches Parish and Sabine Parish and that both of said parishes are included within the North Louisiana Criminalistics Laboratory Commission. See La.R.S. 40:2261 as amended by Act No. 168 of 1981. The court will likewise take notice of the facts that Rapides Parish is also a member of said commission and that Vernon Parish is contiguous to Rapides Parish.
From June 11, 1990 to date the law enforcement authorities in Vernon Parish have utilized the laboratory facilities of the North Louisiana Criminalistics Laboratory Commission. This conclusion is not directly established by the evidence but is fairly inferred from the verified pleadings, evidence and arguments.
On July 3, 1990 Wayne F. McElveen, Sheriff of Calcasieu Parish filed this proceeding in the 14th Judicial District Court, Calcasieu Parish, Louisiana against Frank A. Howard, Sheriff of Vernon Parish, Louisiana and the Vernon Parish Police Jury seeking an injunction *1230 prohibiting the Vernon Parish Police Jury from withdrawing from participation in the Southwest Louisiana Crimi-nalistics Laboratory and judgment declaring that the action taken by the Vernon Parish Police Jury was taken without authority and was unconstitutional. By supplemental petition the plaintiff also prayed for damages for an alleged conversion of funds.
[[Image here]]

DISCUSSION

The relevant statutes, pertaining to the formation and operation of the North Louisiana Criminalistics Laboratory Commission áre set forth as follows:
The North Louisiana Criminalistics Laboratory Commission is hereby created to maintain and operate the North Louisiana Criminalistics Laboratory, as the successor to the Northwest Louisiana Criminalistics Laboratory Commission, which has been established in Caddo Parish, Louisiana, the said commission and laboratory to serve the north Louisiana parishes of Bienville, Bossier, Caddo, Claiborne, DeSoto, Lincoln, Natchitoches, Red River, Sabine, Webster, Caldwell, Concordia, East Carroll, Franklin, Grant, Jackson, LaSalle, Madison, Morehouse, Ouachita, Rapides, Richland, Tensas, Union, West Carroll, and Winn, said commission to operate the North Louisiana Criminalistics Laboratory for the purpose of crime detection, prevention, investigation, and other related activities in connection with criminal investigations.
LSA-R.S. 40:2261.
A. The North Louisiana Criminalis-tics Laboratory Commission is created as a body politic with the right to sue and be sued, to acquire any and all property necessary for its maintenance and operation by all lawful means, to incur debt in anticipation of its revenues, to accept gifts and donations, to establish rules and regulations for the conduct of its affairs, to employ necessary personnel, to require bond for the handling of its funds in an amount to be determined by it; provided that employees of said commission, as a condition of employment, shall become members of the Parochial Employees Retirement System of Louisiana according to laws relative thereto; and provided further, that title to fixtures, equipment, assets, or other property of any kind which have been provided by any coroner, law enforcement agency, or by the governing authority of any city, town, or parish for the initial establishment of the Northwest Louisiana Criminalistics Laboratory, shall remain in such coroner, law enforcement agency, or governing authority of any city, town, or parish.
B. The North Louisiana Criminalistics Laboratory Commission shall have the authority to establish and maintain branch or “satellite” laboratories at any location in the area served by the commission. The work performed by and the reports of such satellite laboratories established by the predecessor commission (Northwest Louisiana Criminalistics Laboratory Commission) or hereafter established shall have the same validity and authority accorded to the laboratory at the commission domicile.
LSA-R.S. 40:2265.
Southwest Louisiana Criminalistics Laboratory has included Vernon Parish since its inception, as showing by the following:
The criminalistics laboratories presently operated by the sheriff of Calcasieu Parish for Vernon, Allen, Beauregard, Jefferson Davis, Cameron, and Calcasieu parishes, and by the sheriff of Jefferson Parish are hereby authorized to operate within the terms and provisions of R.S. 40:2266.1 and 2266.2, and to receive the benefits therein established, as fully as though said laboratories were in fact operated by legislatively created and authorized criminalistics laboratory commissions; however, said sheriffs laboratories shall be required to provide criminal-istics laboratory services for such nearby surrounding parishes as may elect, upon the terms provided above, to participate in said laboratories, within limitations as are reasonably developed by legislatively created criminalistics laboratory commissions, until such time as said laboratories *1231 may become operated by legislatively created criminalistics laboratory commissions. The criminalistics laboratory operated by the sheriff of Calcasieu Parish, shall be named and known as the Southwest Louisiana Criminalistics Laboratory-
LSA-R.S. 40:2266.3.
The Southwest Louisiana Criminalistics Laboratory is a crime laboratory operated by the Sheriff of Calcasieu Parish to assist law enforcement authorities in a six (6) parish area, consisting of Allen, Beauregard, Jefferson Davis, Vernon, Cameron and Calcasieu Parishes. Vernon Parish has been a member of this crime laboratory at least since 1972. LSA-R.S. 40:2266.3, set forth above, expressly provides that the crime laboratory shall serve the aforementioned parishes as though it were a legislatively created Criminalistic Laboratory Commission.
Vernon Parish is specifically enumerated as a participant in the Southwest Louisiana Criminalistics Laboratory. A police jury, not operating under a home rule charter, is a creature and subordinate political subdivision of the State, and, as such, only possesses those powers conferred by the State’s Constitution and statutes. See La.Constitution 1974, Article 6, Section 7(A). As stated by the Louisiana Supreme Court in Rollins Environmental Serv. v. Iberville Parish, 371 So.2d 1127, 1131 (La.1979):
Therefore, where a police jury has authority to regulate by ordinance in a particular field, the exercise of that authority is dependent upon whether the State legislature has not enacted general laws on the same subject and thereby preempted that field of regulation.
LSA-R.S. 40:2266.2[1] enables a parish which is not a member of a criminalistic laboratory commission, to elect to become a member of a criminalistic laboratory commission and provides a method for taking such action. Once the governing authority has chosen to participate in a criminalistic laboratory commission, due to the constitutional limitation upon the power of such governing authority, it may not elect to be served by a different laboratory.
As stated by Transway, Inc. v. Louisiana Public Service Com’n, 296 So.2d 305, 309 (La.1974):
A basic tenet of any rational system of statutory interpretation requires courts to consider and carry out the pervading spirit of the law contained in policy expressions supporting its enactment. La.Civil Code art. 18.
The creation of criminalistic laboratory commissions was intended to establish a comprehensive system of crime laboratories for the purpose of crime detection, prevention, investigation, and other related activities in connection with criminal investigation and to provide for funding for said activities. See LSA-R.S. 40:2261; LSA-R.S. 40:2261.1.
It is clear that the legislature has preempted this field by the establishment of crime labs, such as the Acadiana Crimi-nalistics Laboratory Commission and the Southeast Louisiana Regional Criminalis-tics Laboratory Commission which have been created by LSA-R.S. 40:2267.1, et seq., and LSA-R.S. 40:2268.1, et seq., re *1232 spectively, in addition to the Southwest and North Louisiana Criminalistic Laboratories.
Once a parish becomes a member of a criminalistic laboratory, i.e., a body politic, it no longer has the option to withdraw without a change in legislation. The legislative intent, in enacting this state regulatory scheme, was to preempt this field of law.

CONCLUSION

Accordingly, we find that the Vernon Parish Police Jury had no constitutional or statutory authority to withdraw Vernon Parish from participation in the Southwest Louisiana Criminalistics Laboratory. Further, we find the resolution adopted by the Vernon Parish Police Jury on June 11, 1990, invalid.

DECREE

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Sheriff Wayne F. McElveen, Administrator of the Southwest Louisiana Criminalistics Laboratory, and against the defendants, Vernon Parish Police Jury and Frank A. Howard, Sheriff, enjoining Vernon Parish from contracting with or dispensing any funds to the North Louisiana Criminalistics Laboratory Commission.
Costs of this appeal and at trial to be paid by Vernon Parish Police Jury and Frank A. Howard, Sheriff of Vernon Parish.
REVERSED AND RENDERED.
KNOLL, J., dissents and assigns reasons.
GUIDRY, J., dissents for reasons assigned by KNOLL, J.

. The procedure for becoming a member of a criminalistic laboratory is set forth in LSA-R.S. 40:2266.2, as follows:
Upon the adoption of a resolution or ordinance by the governing authority of any parish which is contiguous to a parish in which a criminalistics laboratory commission is established and operating, such contiguous parish may elect to come under the provisions of and obtain the benefit of all laws governing said criminalistics laboratory commission now or hereafter authorized. For any parish which is not contiguous to a parish in which a criminalistics laboratory commission is established and operating, the acceptance and concurrence of said commission shall also be required. When any such parish,governing authority does so elect, and when its election is thereafter accepted by a criminalistics laboratory commission, if acceptance is required, then it shall become a member of said commission to the same extent as if it had been one of the original parishes included in the original legislative act creating said criminal-istics laboratory commission and all provisions hereof relative to district courts, city courts, sheriffs and collection of additional court costs funds shall become applicable throughout such parish so electing.