MARCUS, Justice.*
From approximately 1972 until June 11, 1990, Vernon Parish was a participant in the Southwest Louisiana Criminalistics Laboratory operated by the sheriff of Calcasieu Parish, Wayne McElveen. On June 11,1990, the Vernon Parish Police Jury passed a resolution electing membership in the Northwest[1] Louisiana Criminalistics Laboratory Commission. Sheriff McElveen filed suit against the Vernon Parish Police Jury; Frank A. Howard, Sheriff and ex-officio tax collector of Vernon Parish; and Gil B. Jeane, Jr., Chief of Police of Leesville, located in Vernon Parish, seeking a judgment declaring that under La.R.S. 40:2266.3, the Police Jury lacked authority to adopt the resolution withdrawing its participation, including its financial contributions, from the Southwest Louisiana Criminalistics Laboratory. Sheriff McElveen sought to enjoin the withdrawal and prayed for damages for an alleged conversion of funds.
The trial judge rejected Sheriff McEl-veen’s demands for a declaratory judgment and injunctive relief and awarded damages[2] solely for the amount owed to the Southwest Louisiana Criminalistics Laboratory for the period prior to Vernon Parish’s withdrawal. Sheriff McElveen appealed. The court of *778 appeal reversed finding that the legislative intent in enacting a scheme regulating crimi-nalistic laboratories was to preempt this field of law and, consequently, the “Vernon Parish Police Jury had no constitutional or statutory authority to withdraw Vernon Parish from participation in the Southwest Louisiana Criminalistics Laboratory.”[3] On defendants’ application, we granted certiorari to review the correctness of this ruling.[4]
The issue for our determination is whether in regulating criminalistic laboratories the legislature intended to preempt this area of the law thereby depriving the Vernon Parish Police Jury of authority to adopt a resolution electing membership in the North Louisiana Criminalistics Laboratory Commission and withdrawing from the Southwest Louisiana Criminalistics Laboratory.
This court has previously recognized the following formula for determining the existence of preemption of local police powers:
Local power is not preempted unless it was the clear and manifest purpose of the legislature to do so, or the exercise of dual authority is repugnant to a legislative objective; if there is no express provision mandating preemption, the courts will determine the legislative intent by examining the pervasiveness of the state regulatory scheme, the need for state uniformity, and the danger of conflict between the enforcement of local laws and the administration of the state program.
Palermo Land Co. v. Planning Commission of Calcasieu Parish, 561 So.2d 482 (La.1990).
Applying these precepts, we find that the legislature did not preempt this area of the law. See La.R.S. 40:2261 et seq. There are no statutes explicitly preempting local governing authorities from withdrawing from a criminalistic laboratory operated by a sheriff. In fact, there are no statutes addressing withdrawal. Absent an express provision . mandating preemption, this court must examine the statutory scheme regulating crimi-nalistic laboratories to determine whether the legislature intended to preempt the issue of withdrawal from criminalistic laboratories operated by sheriffs. Such an intent cannot be found in the statutory scheme. First, the state regulation of criminalistic laboratories is not pervasive. The statutes do not require parishes or their governing authorities to join criminalistic laboratories. Sixteen of Louisiana’s sixty-four parishes are not members of a criminalistics laboratory commission or a criminalistics laboratory operated by a sheriff. Second, the only uniformity existing under the statutory scheme involves the budgeting, collection, remittance, and use of revenues and the method for joining a criminalistics laboratory. The operation of criminalistics laboratory commissions and criminalistics laboratories operated by sheriffs are generally autonomous. Finally, there is no conflict between the Vernon Parish Police Jury resolution and administration of the statutory scheme as evidenced by the discretion vested in the governing authorities of parishes to elect to participate or not participate in a criminalistics laboratory. Accordingly, we find that the legislative intent in enacting this statutory scheme was not to preempt this field of the law.
Thus, our inquiry is narrowed. We must interpret the pertinent statutes to determine whether the Vernon Parish Police Jury has statutory authority to elect to become a member of the North Louisiana Criminalis-tics Laboratory Commission and thereby withdraw from the Southwest Louisiana Criminalistics Laboratory.
The North Louisiana Criminalistics Laboratory Commission is one of three regional legislatively created criminalistic laboratory commissions. La.R.S. 40:2261; La.R.S. 40:2267.1 (the Acadiana Criminalistics Laboratory Commission); La.R.S. 40:2268.1 (the Southeast Louisiana Regional Criminalistics Laboratory Commission). The commission operates the North Louisiana Criminalistics Laboratory for the purpose of “crime detection, prevention, investigation, and other related activities in connection with criminal investigation.” La.R.S. 40:2261. The Commission is a legislatively created body politic established in Caddo Parish to serve the north Louisiana parishes of Bienville, Bossi *779 er, Caddo, Claiborne, DeSoto, Lincoln, Natchitoches, Red River, Sabine, Webster, Caldwell, Concordia, East Carroll, Franklin, Grant, Jackson, LaSalle, Madison, Morehouse, Ouachita, Rapides, Richland, Tensas, Union, West Carroll, and Winn. La.R.S. 40:2261 and 2265. The funds for operating the commission’s laboratories are derived from specially assessed court costs and direct contributions from the sheriffs salary funds from the member parishes. La.R.S. 40:2264 and 2266.1.
The Southwest Louisiana Criminalistics Laboratory is not operated by a Commission. Rather, under La.R.S. 40:2266.3,
[t]he criminalistics laboratories presently operated by the sheriff of Calcasieu Parish for Vernon, Allen, Beauregard, Jefferson Davis, Cameron, and Calcasieu parishes, ... [is] authorized to operate within the terms and provisions ofB.S. ⅛0:2266.1 and 2266.2, and to receive the benefits therein established, as fully as though said laboratories were in fact operated by legislatively created and authorized criminalistics laboratory commissions_ The criminalis-tics laboratory operated by the sheriff of Calcasieu Parish, shall be named and known as the Southwest Louisiana Crimi-nalistics Laboratory, (emphasis added).
This provision expressly incorporates the terms of La.R.S. 40:2266.2 which provides in pertinent part:
Upon the adoption of a resolution or ordinance by the governing authority of any parish which is contiguous to a parish in which a criminalistics laboratory commission is established and operating; such contiguous parish may elect to come under the provisions of and obtain the benefit of all laws governing the criminalistics laboratory commission now or hereafter authorized. For any parish which is not contiguous to a parish in which a criminalistics laboratory commission is established and operating, the acceptance and concurrence of the commission shall also be required- (emphasis added).
La.R.S. 40:2266.2 authorizes a parish to “elect” to become a member of a “commission” and provides a method for implementation. On June 11, 1990, Vernon Parish adopted a resolution pursuant to La.R.S. 40:2266.2 electing to be included in the list of parishes served by the North Louisiana Criminalistics Laboratory Commission as a parish contiguous to parishes in which a criminalistics laboratory commission was established and operating. Vernon Parish adjoins Rapides Parish, Sabine Parish, and Natchitoches Parish, all of which are included within the North Louisiana Criminalistics Laboratory Commission. Prior to adoption of this resolution, Vernon Parish had never elected to become a member of a criminalis-tics laboratory “commission.” Rather, Vernon Parish had its criminalistics laboratory needs served by the Southwest Louisiana Criminalistics Laboratory, a sheriffs laboratory, which is not a commission. See La.R.S. 2266.3. Accordingly, since Vernon Parish was not a member of a “commission,” we find that under La.R.S. 40:2266.2, Vernon Parish could exercise its right to “elect” to become a member of a “commission,” specifically, the North Louisiana Criminalistics Laboratory Commission.
Moreover, since Vernon Parish had a statutory right to elect to join a “commission” under La.R.S. 40:2266.2, we find that implicit in that right was the right to withdraw from participation in a criminalistic laboratory that is not a “commission.” Thus, although Vernon Parish participated in the Southwest Louisiana Criminalistics Laboratory, Vernon Parish had the right to withdraw from that sheriffs laboratory and elect to join the North Louisiana Criminalistics Laboratory Commission.
In sum, the legislature did not deprive the Vernon Parish Police Jury from electing to become a member of the North Louisiana Criminalistics Laboratory Commission by preempting the issue. Rather, the legislature vested the Vernon Parish Police Jury with authority to elect to become a member of such commission and thereby withdraw from the Southwest Louisiana Criminalistics Laboratory.

DECREE

For the reasons assigned, the judgment of the court of appeal is reversed. The judg *780 ment of the district court rejecting plaintiffs, Sheriff McElveen, as Administrator of the Southwest Louisiana Criminalistics Laboratory, demands for a declaratory judgment and injunctive relief and awarding damages solely for the amount owed to the Southwest Louisiana Criminalistics Laboratory for the period prior to Vernon Parish’s withdrawal is reinstated. All costs are assessed against plaintiff.

 Pursuant to Rule IV, Part 2, § 3, Kimball, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).

. Properly known as the North Louisiana Crimi-nalistics Laboratory Commission. La.R.S. 40:2261.

. The issue of damages was not assigned as an error or briefed in either the court of appeal or this court; therefore, it is not before this court.

. 617 So.2d 1228 (La.App. 3d Cir.1993).

. 623 So.2d 1316 (La.1993).